## *MARCH TERM, 1807, AT PHILADELPHIA.
### FOR THE EASTERN DISTRICT.

CORAM—TILGHMAN, CHIEF JUSTICE, AND YEATES AND BRACKENRIDGE, JUSTICES.*

# Abraham Wilt *against* Jacob Schreiner, special bail of Benjamin Diffebach.

The discharge of a debtor under the insolvent acts, is *prima facie* evidence of the service of notices on the creditors, but not conclusive.

SCIRE *facias.* The defendant pleaded payment, with leave to give the special matter in evidence.

On the trial, at *Nisi Prius*, in Philadelphia, on the 18th February last, before YEATES, J. the defendant produced the record of the Court of Common Pleas of Dauphin county, whereby it appeared, that Diffebach, the principal, had petitioned that court on the 17th January 1804, for the benefit of the acts of insol-vency, and had thereupon been directed to give notice to his creditors to appear on the 22d February following ; that these notices appear to have been served on the creditors, and par-ticularly on Wilt, the now plaintiff, on the 2d February preced-ing, by the oath of Robert Skinner ; and that Diffebach was thereupon discharged from imprisonment. It was then ruled, that the record was legal evidence, and *prima facie* was proof of the service of the notices, though not conclusive upon the creditors ; whereupon the jury found a verdict for the defend-ant.

Mr. Phillips now moved for a rule to shew cause, why a new trial should not be granted for misdirection, and produced the affidavit of the plaintiff, that he believed he should be able to produce proof on another trial, that Skinner was so much in-toxicated when he swore to the service of the notices in Dau-phin county, that the court with difficulty received him as a witness.

This was urged to be a material circumstance to guide the discretion of the court. But Skinner ought to have been per-sonally examined upon the trial. His oath before the court of Common Pleas, ought not to have been received to affect the plaintiff in a collateral case. It is not alledged that he is dead.

Mr. Condy for the defendant observed, that it could not be doubted but the record was good evidence. Every thing con-*tained in it ought to go to the jury, who were to deduce their inferences therefrom. The court will know the dif-ficulty of procuring the testimony of persons who serve the notices of insolvent debtors. Skinner is not to be found. The rule that *omnia præsumuntur esse rite acta* strongly applies in [*353

* SMITH, J. was much indisposed with a fever during the whole of the term.

such a case.   In Shields *v.* Innis, in the Common Pleas of Philadelphia county, Judge COXE would not permit evidence to be given, to contradict the propriety of discharge of an insolvent debtor ; which was going much further than was done by the judge here.   The court upon motions of this nature, will always receive affidavits of material evidence being discovered since the trial, with great caution ; but here the affidavit is too loose, to have any reliance placed on it.

TILGHMAN, C. J.   No ground for a new trial is laid by the affidavit.   The court could not avoid receiving the record in evidence ; and it was proper that the jury should judge upon the whole.

BRACKENRIDGE, J.   It appears to me that the record was only evidence of the party's liberation from confinement, and not of the service of notice upon the creditors : it is similar in principle to the proceedings of commissioners of bankruptcy, and in a suit founded thereon, the trading, act of bankruptcy, &c. must be proved.

TILGHMAN, C. J.   The Court of Common Pleas had undoubted jurisdiction of the case, and must have been satisfied that the notices were duly served before they discharged the debtor.   I agree with the judge who tried the cause, that the record was *prima facie* evidence of the service of notices, but that it might be repelled by other proof.

Rule refused.